UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eduardo Larumbe, on behalf of the estate of
SPC Maria Martinez
6095 Granite Field Dr.
Fortson, GA 31808

and

Christopher Montas Correa
6300 Milgen Rd. Apt 1066
Columbus GA 31907
United States

      Plaintiffs
  v.

The Honorable Lloyd J. Austin, III
Secretary of Defense
1400 Defense Pentagon
Washington, DC 20310

      Defendant

Case No.: 1:22-cv-1817

**Oral Argument Requested.**

## COMPLAINT TO SET ASIDE AGENCY ACTION AS UNLAWFUL UNDER THE ADMINISTRATIVE PROCEDURE ACT

In December of 2019, Congress passed the SFC Richard Stayskal Military Medical Accountability act, as part of the 2020 National Defense Authorization Act. It was supposed to create a structure through which military servicemembers could bring claims against the Department of Defense for the negligence of military medical personnel. It received near unanimous and bipartisan support and was heralded as a long overdue change to ensure that servicemembers could finally be compensated for their injuries. Instead, the Department of Defense has engaged in an active campaign of sabotaging the program and deliberate flouting Congress' intent. For many cases, this has taken the form of boilerplate one sentence denials. For

others, the Department of Defense has gone one step further and blatantly violated the statutes which govern it.

The claim of SPC Maria Martinez is unfortunately one of the latter. SPC Martinez had strong genetic risk factors for breast cancer and was proactive about ensuring that she was properly screened. Yet, even when she began showing physical signs of potential breast cancer, military doctors completely failed to take the right steps to properly screen and diagnose her. Despite her repeated requests for a proper examination, she was denied at each turn. By the time she was finally properly examined, ten months later, it was too late. She was suffering from stage IV breast cancer which had metastasized throughout her body. Though, at first, she responded well to treatment, her cancer became resistant, and she tragically passed away in December of 2021. She was only 26.

SPC Martinez submitted her malpractice claim to the Department of Defense for the harm caused to her by the negligence of its medical personnel in November of 2021. But, in a stunning act of active bureaucratic malice, the Department denied her claim on the grounds that it was no longer timely. This decision was founded on a gross error of law, a blatant violation of the relief offered by Congress to servicemembers under the Servicemembers Civil Relief Act ("SCRA"), which tolls *all* claims while the servicemember is still performing military service. The Department of Defense, in their implementing regulation for the provisions of the SFC Stayskal Act, baseless exempted claims filed in FY2020 from the SCRA's tolling provision. In addition, the Department then compounded this gross error by wrongfully applying this rule to SPC Martinez's claim, filed in FY2021.

Plaintiffs Christopher Fernando Montas Correa, in his role as the next of kin of his deceased wife, SPC Martinez, and Eduardo Larumbe, in his role as her father and the executor of

her estate, ("Plaintiffs") now bring this suit so that they may finally see justice for the wrongful death of their loved one. They seek the reversal of the Department of Defense's wrongful and malicious denial of their claim and for it to finally receive what Congress has ordered the Department of Defense to provide: a proper review of it on the merits. In addition, they also seek to ensure that the Department of Defense cannot use a similar wrongful excuse to deny the claim of any other servicemember. As such, they request that this Court strike down, under the Administrative Procedure Act, the contrary to law provision of 32 C.F.R. § 45.2(b)(2) that created the exemption to the SCRA's tolling provision, as contrary to law.

## STATEMENT OF VENUE AND JURISDICTION

1. This action seeks review of the Defense Health Agency's Military Malpractice Claim Appeals Board decision in Claim 22-122-T001, appealing the Department of the Army's Tort Claims Division's initial denial. Exhibit 1, Denial of Claim 22-122-T001 dated February 17, 2022; Exhibit 2, Upholding of Appeal dated May 9, 2022.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. The Acts of Congress upon which federal question jurisdiction rests are 10 U.S.C. § 2733a, which permits servicemembers to file suit against the Department of Defense for claims of medical malpractice and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, which, under the Supreme Court's *Accardi* doctrine, permits the review of even normally nonreviewable decisions when an agency has not followed its own statutes. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *See, e.g. Montilla v. I.N.S.*, 926 F.2d 162, 166 (2nd Cir. 1991).

4. Venue lies pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(b)(1), as Defendant is located in the District of Columbia.

## STATEMENT OF THE PARTIES

5. Plaintiff Christopher Fernando Montas Correa is the widower of SPC Maria Martinez and is appearing in his capacity as her next of kin.

6. Plaintiff Eduardo Larumbe is the father of SPC Maria Martinez and is appearing in his capacity as the executor of her estate. *See* Exhibit 5, Affidavit of Mr. Christopher Montas Correa and Mr. Eduardo Larumbe.

7. Defendant the Honorable Lloyd J. Austin, III, is appearing in his official capacity as the Secretary of Defense, which oversees the Defense Health Agency and which receives the claims made under the SFC Stayskal act.

## STATEMENT OF THE FACTS

**SPC Maria Martinez is negligently not diagnosed with breast cancer in time, leading to the cancer metastasizing and becoming treatment resistant, causing her untimely and tragic death at the age of 26.**

8. The events which lead to SPC Martinez's tragic and untimely death are set out within the expert opinion of Dr. Kenneth Pennington, who has more than thirty years of experience as an oncologist. Exhibit 3, Expert Report of Dr. Kenneth Pennington; Exhibit 4, CV of Dr. Kenneth Pennington.

9. In January of 2019 SPC Martinez requested a genetic cancer assessment, as she had a strong family history of breast cancer, which included her mother having to undergo a double mastectomy. Exhibit 3.

10. The assessment was performed by Dr. Ragene Rivera at the El Paso Cancer Treatment Center, and revealed that SPC Martinez tested positive for BRCA2, a gene with strong implications for potential breast cancer emergence. *Id.*

11. It was also discovered that she had an inverted and discolored left nipple. *Id.*

12. Given these very strong warning signs, Dr. Ragene Rivera recommended to Dr. John Rechtien, SPC Martinez's primary care physician at the Hugo V. Mendoza Soldier Family Care Center at Fort Bliss, that SPC Martinez receive an MRI. *Id.*

13. The appropriate step here was a *diagnostic* MRI, but Dr. Rechtien instead ordered a *screening* MRI, which was denied by SPC Martinez's insurance company because she was not yet 30 years old. *Id.*

14. Dr Rechtien again ordered the wrong MRI, which was again denied, and did not order any other tests, such as a mammogram or an ultrasound, or perform any assessments, such a breast examination. *Id.*

15. SPC Martinez made three separate requests for an MRI and breast exam between January and May of 2018, which were all denied. *Id.*

16. She received pulmonary and chest examinations between March of 2019 and September of 2019, with a chest X-Ray in April showing normal results, though with no mention by the pulmonary physicians of a breast examination. *Id.*

17. By the time she was properly diagnosed, it was far too late.

18. In October of 2019, ten months after SPC Martinez had initially sought greater testing, she was admitted to the William Beaumont Army Medical Center emergency room for shortness of breath. *Id.*

19. Her lungs had filled with fluid, and she was incapable of breathing on her own. *Id.*

20. Dr. Ney Gore ordered the breast cancer examinations which should have been performed at the start of the year, and a biopsy revealed that SPC Martinez was suffering from stage IV breast cancer, which had metastasized to her lungs, bones, spine, and lymphatic system. *Id.*

21. While treatment was begun immediately, SPC Martinez's cancer became resistant to therapy, and she tragically passed away at the age of 26 in December of 2021. *Id.*

22. Throughout this entire time she had remained within the ranks, and she died as a proud active servicemember of the United States Army. *Id.*

23. In Dr. Pennington's expert opinion, SPC Martinez had received negligent care, causing a wrongfully late diagnosis of her breast cancer. *Id.*

24. He stated, with a reasonable degree of medical certainty, that, had the standard of care been followed, she would have been diagnosed at a much earlier stage and would have had a reasonable chance of cure. *Id.*

**The SPC Stayskal Medical Military Medical Accountability Act and the Department of Defense's wrongful implementation of it.**

25. For decades claims against the military by servicemembers, including for medial malpractice, have been barred by the Supreme Court's *Feres* doctrine.

26. In 2018, SPC Richard Stayskal, a Green Beret, learned that military doctors had failed to diagnosis his terminal lung cancer in 2017. Brenda Breslauer and Vicky Nguyen, *Service Members will soon be able to file claims against the military for medical malpractice*, NBC NEWS (December 20, 2019), https://www.nbcnews.com/health/cancer/servicemembers-will-soon-be-able-file-claims-against-military-medical-n1104561.

27. This began a year long saga, alongside his attorney, Representative Richard Hudson, R-NC, and Representative Jackie Speier, D-CA, the chair of the House Armed Services Committee Military Personnel Subcommittee, of pushing for the amending of the Military Claims Act to permit malpractice claims by servicemembers. *Id.*

28. The result of this intensive effort was the SPC Stayskal Act, which received bipartisan support, including being introduced in the senate by Republican Senators John Kennedy of Louisiana and Rick Scott of Florida.

29. The intent of this act was for the Department of Defense to pay meritorious malpractice claims.

30. In addition, the Department of Defense was required to annually report the number of claims processed and the results of those claims. 10 U.S.C. § 2733a(h).

31. The act was included in the FY2020 National Defense Authorization Act, at section 731, and signed into law by then President Trump on December 19th, 2019.

32. It represented not only intensive efforts, but also the clear bipartisan will of Congress.

33. The Department of Defense immediately proceeded to flout that will.

34. The Department took more than a year and a half to promulgate the implementing regulation for claims under the act, 38 C.F.R. § 45 *et seq*, only doing so in June of 2021.

35. The Department had delayed processing claims until the regulation had been issued.

36. The regulation's implementation of the statute of limitations violated the governing statutes.

37. In 1940, Congress passed the Servicemembers Civil Relief Act, which, at 50 U.S.C. § 3936, tolls all claims by or against servicemembers while they are performing military service.

38. This is a universal tolling provision, with a sole stated exception for claims under internal revenue laws.

39. Despite the universality of this provision, and no Congressional intent that it be waived for military malpractice claims, the Department of Defense, at 38 C.F.R. § 45.2(c)(2), saw fit to carve out an exception to the SCRA's tolling provisions for claims filed in FY2020.

40. When the regulation was finally issued, there was a great deal of relief among servicemembers, as claims would finally start being processed, and there was still a sense that meritorious claims would be paid, as Congress had intended.

41. Representative Richard Hudson, who represents Fort Bragg, celebrated the issuing of the ruling, stating that "I doubt I'll ever do anything as important as this." ICYMI- DOD Issues Rule on Rich Stayskal Act, HUDSON.HOUSE.GOV (June 21, 2021), https://hudson.house.gov/press-releases/icymi-dod-issues-rule-on-rich-stayskal-act.

42. Representative Hudson had apparently been made aware that the Department of Defense had been working on having the claims processed and ready to be paid as soon as the rule was implemented. *Id.*

43. But the Department of Defense soon made its true intentions known.

44. Half a year later, SPC Stayskal, the man whose case had formed the entire foundation of the right of servicemembers to file malpractice claims, still had not received a decision on his claim. Diane Wilson, *Fort Bragg soldier still waiting for compensation for missed cancer diagnosis 2 years after new law*, ABC11.COM (December 24, 2021).

45. To this day, the Department of Defense still hasn't made a decision on his claim.

46. Meanwhile, many other servicemembers have received procedurally deficient, rote, one sentence, boilerplate denials, merely saying that the standard of care was met, but with zero explanation for how the Department of Defense came to such a conclusion.

**The Department of Defense denies SPC Martinez's claim on the grounds of timeliness in blatant violation of the SCRA and 32 C.F.R. § 45.2(c)(2); this denial is upheld on appeal.**

47. SPC Martinez filed her claim against the Department of Defense in November of 2021, one month prior to her death, while still an active servicemember.

48. Her claim was thus still tolled by the universal provision of the SCRA at 50 U.S.C. § 3936(a).

49. On February 17, 2022, the Department of the Army Torts Claims Division denied her claim on the grounds that it was untimely, as the claim had allegedly accrued as of October of 2019, the time limitation was two years, and SPC Martinez had filed her claim in November of 2021. Exhibit 1, Denial of Claim 22-122-T001 dated February 17, 2021.

50. This was despite the fact that the SCRA is a *universal* tolling provision created by Congress, and there was nothing within the SFC Stayskal act to suggest that malpractice claims were to be exempt from it. *See* 10 U.S.C. § 2733a.

51. In addition, even the contrary to law exception to the SCRA's tolling provisions to malpractice claims under 32 C.F.R. § 45.2(c) only applied to claims made in FY2020, with no such exception to a claim made in FY2021 like SPC Martinez's. *See* 32 C.F.R. § 45.2(c)(1); *compare* 32 C.F.R. § 45.2(c)(2) (wrongfully exempting claims made in FY2020 from the SCRA tolling provision under 50 U.S.C. § 3936(a)).; *see* 50 U.S.C. § 3936(c) (making it clear that the only permitted exception was for claims under internal revenue law.

52. It didn't matter that even its statutory violation didn't apply to the case, the division wanted an excuse to deny the claim and thought it had found it.

53. Plaintiffs, through counsel, illustrated the legal errors and violations contained within the decision in their appeal to the Defense Health Agency's Military Malpractice Claim Appeals Board, which ignored the issue and adopted the wrongful initial denial on May 9, 2022. Exhibit 2, Upholding of Appeal dated May 9, 2022.

54. Simply put, the Department of Defense assumed that the exemption of judicial review for claims made under the Military Claims Act, including malpractice claims, meant that it had a free hand to ignore the clear intent of Congress. *See id.*; *see* Exhibit 1; *see* 10 U.S.C. § 2735; *compare* 50 U.S.C. § 3936(a).

55. This is but one more injury inflicted upon SPC Martinez and her family, as the Department of Defense even denied full Servicemembers' Group Life Insurance benefits to her family upon her tragic and untimely death, instead only granting half.

## ARGUMENT

**Claim 1:   The Defendant'ss denial of Plaintiffs' claim is reviewable as a misconstruction of its governing legislation and is contrary to law because 32 C.F.R. § 45.2(c)(2) is an impermissible interpretation of 10 U.S.C. § 2733a(b)(4), as its position that the Sailors and Servicemembers Civil Relief Act does not apply to 10 U.S.C. § 2733a is a direct violation of Supreme Court precedent as to statutory interpretation.**

56. 10 U.S.C. § 2735 bars judicial review of the factual merits of claims against the military.

57. However, even when judicial review is barred on the merits, longstanding Supreme Court precedent holds that *all* decisions are reviewable on the grounds of:

    a. Substantial department from important procedural rights;

    b. Misconstruction of the governing legislation; or

    c. Some equivalent error "going to the heart of the administrative determination. *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 791 (1985) (*citing Scroggins v. United States*, 184 Ct. Cl. 530, 534 (Fed. Cir. 1968).

58. The Defendant denied Plaintiffs' claim on the grounds that they had failed to state a claim by bringing the claim more than two years after the claim had accrued.

59. This was based on the regulations prescribed by the Department of Defense to implement 10 U.S.C. § 2733a, as directed by Congress at § 2733a(f).

60. Plaintiffs' claim was denied under 32 C.F.R. § 45.2(c), which provides the time limitations for filing a claim under 10 U.S.C. § 2733a. Exhibit 1, Denial of Underlying claim; Exhibit 2, Denial of Appeal.

61. 32 C.F.R. § 45.2(c) provides the following time limitations:

    a. Receipt in writing within two years of the accrual of the claim;

    b. If filed in calendar year 2020, within three years, but, for the purposes of such claims filed in calendar year 2020, the tolling provisions of the Sailors and Servicemembers Civil Relief Act ("SSCRA") do not apply;

62. The SSCRA, at 50 U.S.C. § 3936(a), states that all claims held by, or against, servicemembers are tolled while they are in military service.

63. The only exception enumerated by Congress to this universal tolling provision is for claims under internal revenue laws. § 3936(c).

64. SPC Martinez's claim was filed in November of 2021, with the underlying claim having allegedly accrued on October 9, 2019.

65. She was in military service at all times until her tragic and untimely death in December of 2021 due to Defendant's negligence.

66. Defendant denied Plaintiffs' claim on the grounds that it was filed more than two years after accrual and that the SSCRA did not apply to claims under 10 U.S.C. § 2733a.

67. This is a gross violation of the tolling provisions of 50 U.S.C. § 3936(a), which serves as governing legislation for the Department of Defense when considering claims under 10 U.S.C. § 2733a.

68. The Supreme Court has repeatedly held that the principle of *expressio unius est exclusio alterius*, the expression of one thing by Congress implies the exclusion of all others, controls statutory interpretation. *See, e.g., Jennings v. Rodriguez*, 138 S. Ct. 830, 844 (2018) (finding that an express exception under the statute means that there are no other implicit exceptions to the statute).

69. Here, Congress already made a single express exception to the tolling provisions under 50 U.S.C. § 3936 at (c) which provides a carve out for claims under the internal revenue laws of the United States.

70. With Congress having made this express exception, the Department of Defense cannot interpret 50 U.S.C. § 3936 as providing any implicit exceptions, such as to claims under 10 U.S.C. § 2733a. *See Jennings*, 138 S. Ct. at 844.

71. In addition, the Department of Defense's interpretation of 50 U.S.C. § 3936 is also a violation of the Supreme Court's holding in *Morton v. Mancari*, 417 U.S. 535, 551 (1974) that when two statutes are capable of coexisting without clashing, a conflict between them cannot be created absent clearly expressed congressional intent.

72. The Department of Defense, through 32 C.F.R. § 45.2(c)(2), created a conflict between 10 U.S.C. § 2733a and 50 U.S.C. § 3936(a) by creating an exception to the SSCRA's tolling provisions.

73. There was *zero* congressional intent for such a conflict and the statutes, on their plain language, are capable of completely coexisting without any conflict. *See* 10 U.S.C. § 2733a(b)(4); *compare* 50 U.S.C. § 3936(a).

74. The Department of Defense's creation of a conflict is thus completely unsupported and in direct violation of Supreme Court Precedent. *See Morton*, 417 U.S. at 551.

75. C.F.R. § 45.2(c)(2)'s exception to the SSCRA's tolling provision under 50 U.S.C. § 3936(a) is thus a violation of two different Supreme Court precedents as to statutory construction. *See id.*; *see Jennings*, 138 S. Ct. at 844.

76. This renders any application of that exception, such as the Defendant's decision as to Plaintiff's claim, and its upholding of the decision on appeal, a misconstruction of the governing legislation for claims under 10 U.S.C. § 2733a. *See id.*; *see Lindahl*, 470 U.S. at 791.

77. Defendant are not due any *Chevron* deference as to the question of whether 10 U.S.C. § 2733a(f) permits them to exclude the tolling provisions of the SSCRA because the first prong of *Chevron* is whether Congress has directly spoken as to the precise question in controversy. *Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837, 842-3 (1984).

78. Here, Congress has unequivocally spoken, via 50 U.S.C. § 3936, as to the precise question of whether there are any exceptions to the tolling provisions of the SSCRA, with the answer being that the sole exception is for claims under internal revenue laws. *See* 50 U.S.C. § 3936(c); *see Jennings*, 138 S. Ct. at 844.

79. The Department of Defense is thus bound to "give effect to the unambiguously expressed intent of Congress" through determining the statute of limitations of a claim under 10 U.S.C. § 2733a within the context of the tolling provisions of 50 U.S.C. § 3936(a). *See Chevron*, 467 U.S. at 843.

80. The Department of Defense did not in this matter, and this misconstruction by the Department of Defense of the governing statute is reviewable by this Court. *See Lindahl*, 470 U.S. at 791.

81. Defendant's misconstruction of 50 U.S.C. § 3936(a) was the fundamental basis of its decision. *See* Exhibit 1; *see* Exhibit 2.

82. Defendant held that Plaintiffs' claim was time barred, yet the claim was filed while SPC Martinez was still in military service, meaning the statute of limitations was tolled at time. *Id.*

83. Plaintiffs' claim would only be time limited as of December of 2023, two years after SPC Martinez's military service came to an end when she passed away due to Defendant's negligence. *Id.*

84. The denial of Plaintiffs' claim must thus be vacated as unlawful under *Lindahl*. *See Lindahl*, 470 U.S. at 791.

**Claim 2:** **The Defendant's denial of Plaintiff's claim must be vacated under the Administrative Procedure Act as it is a violation of the Supreme Court's holding in *Accardi v. Shaughnessy* that agencies must follow their own regulations because the Defendant took an exception to the SSCRA's tolling provisions expressly stated to be only for claims filed in calendar 2020 and applied it to a claim made in 2021.**

85. In *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) the Supreme Court mandated that agencies must follow their own regulations and binding guidance, even for decisions committed to discretion.

86. This is the root of the *Accardi* Doctrine, which holds that even normally unreviewable agency decisions are reviewable should the agency violate a binding norm imposed by regulation or guidance which impacts an individual's rights. *See, e.g. Montilla v. I.N.S.*, 926 F.2d 162, 166 (2nd Cir. 1991); *see also Mons v. McAleenan*, 2019 U.S. Dist. LEXIS 151174 at *28-31 (D.D.C., September 5, 2019).

87. Here, Plaintiffs' individual rights to a claim under 10 U.S.C. § 2733a were governed under 32 C.F.R. § 45.2(c), which set out the time limitations for her claim.

88. Defendant denied Plaintiffs' claim on the grounds that 32 C.F.R. § 45.2(c) excluded the tolling provisions of the SSCRA.

89. However, the exclusion of the tolling provisions of the SSCRA was explicitly limited by 32 C.F.R. § 45.2(c)(2) to claims made in calendar year 2020:

    "*There is a special rule for claims filed during calendar year 2020*. Such claims must be presented to DoD in writing within three years after the claim accrues. The tolling provisions under the Servicemembers Civil Relief Act, 50 U.S.C. 3901-4043, *are not applicable under this section*."

90. Plaintiffs' claim was made in calendar year 2021, and was governed by the time limitations set out by 32 C.F.R. § 45.2(c)(1), which contains no such exception to the SSCRA:

    "The statute (section 2733a(b)(4)) requires that a claim must be received by DoD in writing within two years after the claim accrues. For mailed claims, timeliness of receipt will be determined by the postmark."

91. Defendant violated their own regulations by applying an exception expressly limited to claims made in calendar year 2020 to a claim made in 2021, and thus impacted Plaintiffs' individual rights. *See* 32 C.F.R. § 45.2(c)(1); *compare* Exhibit 1; *compare* Exhibit 2.

92. This renders the decision reviewable under the Administrative Procedure Act through the *Accardi* doctrine and requires the vacating of the decision. *See Accardi*, 347 U.S. 260 *et seq.*; *See, e.g. Montilla*, 926 F.2d at 166; *see also Mons*, 2019 U.S. Dist. LEXIS 151174 at *28-31.

93. It is also worth noting that had Plaintiff's claim fallen under the special provision for claims made in calendar year 2020, and even if 32 C.F.R. § 45.2(c)(2)'s exclusions to the SSCRA tolling provision was legal, which it is not, SPC Martinez would have had *three* years to file her claim, and would have still been timely. *See* 32 C.F.R. § 45.2(c)(2).

94. This deliberate violation of even the Defendant's already contrary to law regulation is yet further evidence of how Defendant have deliberately resisted Congress' express intent for valid malpractice claims to be paid through refusing claims for completely spurious reasons.

95. This can be seen not only in this matter, but in the fact *that the very namesake of the legislation which lead to such claims being permissible still hasn't received a decision from the Department of Defense*.

96. What makes this particularly stunning is that Plaintiff's claim, that SPC Martinez was the victim of medical malpractice by Defendant's medical personnel through the negligent failure to discover her cancer in time, was identical to SPC Stayskal's claim which inspired Congress to act.

97. As the denial of Plaintiff's claim on timeliness grounds is contrary to law under *Accardi*, as a violation of the Department of Defense's own regulation, it must be vacated under 5 U.S.C. § 706.

**Claim 3:     The portion of 32 C.F.R. § 45.2(c) creating an exception to the SSCRA's tolling provision must be vacated under the Administrative Procedure Act as contrary to law.**

98. The Administrative Procedure Act permits the challenging of regulations which are arbitrary, capricious, or contrary to law. 5 U.S.C. § 706(2)(A).

99. In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992) the Supreme Court stated that standing to appeal a regulation requires that a plaintiff must show that the plaintiff (1) has suffered an injury fact, (2) there must be a causal connection between the injury and the allegedly wrongful regulation, and (3) it must be likely that the injury will be redressed by a favorable decision.

100. Here, Plaintiffs have suffered an injury in fact because they suffered a concrete and particularized invasion of their legally protected interest in having the estate of SPC Martinez's survival claim under 10 U.S.C. § 2733a heard on the merits by the Defendant, through the wrongful denial of the claim on timeliness grounds.

101. Defendant specifically centered the denial on timeliness grounds on the foundation that the SSCRA's tolling provisions did not apply to claims under 10 U.S.C. § 2733a. *See* Exhibit 1; *see* Exhibit 2.

102. This creates a causal connection between the injury suffered by Plaintiffs and the wrongful provisions of 32 C.F.R. § 45.2(c)(2) which created the alleged exception to the SSCRA's tolling provision at 50 U.S.C. § 3936(a) which Defendant used to deny Plaintiffs' claim.

103. This injury would be redressed through a favorable decision striking down the wrongful exception to the tolling provisions contained through the regulation, as Plaintiffs' claim was filed while the time limitation was still tolled through SPC Martinez's military service.

104. Plaintiffs thus have standing to challenge the provision of 32 C.F.R. § 45.2(c)(2) in controversy. *See Lujan*, 504 U.S. at 559.

105. The portion of 32 C.F.R. § 45.2(c)(2) creating an exception to the SSCRA's tolling provisions must be struck down as contrary to law under 5 U.S.C. § 706(A)(2).

106. As established prior, the sole permitted exception created by Congress for the tolling provision at 50 U.S.C. § 3936(a) is for claims under internal revenue laws and there was no clearly expressed Congressional intent for claims under 10 U.S.C. § 2733a to be excepted, nor need for such a conflict under the language of the statutes. *See* 50 U.S.C. § 3936(c); *see also Jennings*, 138 S. Ct. at 844; *see also Morton*, 417 U.S. at 551 (1974).

107. In addition, the Department of Defense is due no *Chevron* deference for its interpretation of 10 U.S.C. § 2733a via 32 C.F.R. § 45.2(c)(2) because Congress has directly spoken as to the issue and the Department is thus bound to Congress' will. *See id.*; *see Chevron*, 467 U.S. at 842-3.

108. Given that the portion at 32 C.F.R. § 45.2(c)(2) excepting claims made under 10 U.S.C. § 2733a from the tolling provisions of 50 U.S.C. § 3936(a) is contrary to law, and the agency is not due any deference as to the question, this Court should hold that the portion is unlawful under the Administrative Procedure Act and vacate it.

## **CONCLUSION**

Wherefor, for the reasons set out above, Plaintiffs respectfully request that this Court enter an order:

(1)  Holding that the Defendant's denial of Plaintiffs' claim on timeliness grounds is vacated as a misconstruction of the legislation governing the claim;

(2)  Holding that the Defendant's denial of Plaintiffs' claim on timeliness grounds is vacated as unlawful under the Administrative Procedure Act as contrary to law.

(3)  Vacating the portion of 32 C.F.R. § 45.2(c)(2) creating an exception to claims under 10 U.S.C. § 2733a from the tolling provisions of 50 U.S.C. § 3936(a) as unlawful under the Administrative Procedure Act as contrary to law.

Plaintiffs also note to the Court his intention to file an Equal Access to Justice Act motion for attorney's fees and costs, should they prevail.

Dated: June 24th, 2022                    Respectfully Submitted,

/s/DavidP.Sheldon
David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
100 M. St. SE, Suite 600
Washington, DC 20003
Tel: 202.546.9575
Fax: 202.546.0135