**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| EDUARDO LARUMBE, et al., | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 22–01817 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| LLOYD J. AUSTIN, III, | : | | |
| Secretary of Defense, | : | | |
| | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

## DENYING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiffs Eduardo Larumbe—as Maria Martinez's father and the executor of her estate—and Christopher Fernando Montas Correa—as Martinez's husband—sue the Secretary of Defense pursuant to the Administrative Procedure Act, U.S.C. § 701 *et seq*. Plaintiffs request that the Court set aside as unlawful the Department of Defense's ("DoD") denial of Martinez's medical malpractice claim under 10 U.S.C. § 2733a. Complaint at 2–3, ECF No. 1 ("Compl."). Before the Court is the Secretary of Defense's Motion to Dismiss, ECF No. 5 ("Mot. to Dismiss") and Memorandum in Support of Motion to Dismiss, ECF No. 5-1 ("Mem. in Support"). In response, Plaintiffs filed a Memorandum in Opposition, ECF No. 7, ("Opp."), to which the Secretary filed a Reply, ECF No. 9. For the reasons discussed below, the Court denies the Secretary's Motion to Dismiss.

## II. FACTUAL BACKGROUND

In January of 2019, Maria Martinez—while serving in the United States Army—requested a medical screening for breast cancer. Compl. at 4–5. An oncologist evaluated

Martinez and recommended—based on Martinez's family history, possession of the BRCA2 gene mutation, and physical symptoms—that Martinez's primary care physician perform a diagnostic MRI to determine whether Martinez had breast cancer. *Id.* at 4. Unfortunately, Martinez's primary care physician incorrectly ordered a *screening*—rather than a *diagnostic*—MRI. *Id.* As a result, DoD's health insurance thrice denied Martinez the screening MRI because Martinez did not meet the criteria for that procedure. *Id.* Martinez's primary care physician also failed to order any different type of procedure to determine whether Martinez had breast cancer. *Id.* Martinez continued to request an MRI or other procedure but was denied by DoD's health insurance. *Id.* Martinez did, however, have breast cancer. *Id.* at 5.

Ten months after Martinez first requested breast cancer testing, she was admitted to an emergency room for shortness of breath. *Id.* At that time, a doctor finally performed a diagnostic examination, including a biopsy, that revealed Martinez's breast cancer. *Id.* But Martinez's breast cancer had advanced to such a stage that it had become incurable. *Id.* Martinez died at the age of 26 in December of 2021. *Id.*

In November of 2021—a month before her death and while still serving in the military—Martinez filed a claim for medical malpractice with DoD. *Id.* at 5, 7. The Department of Army Tort Claims Division denied Martinez's claim on the ground that it was untimely filed because the Army determined that Martinez's claim accrued in October of 2019—more than two years before she filed her claim. *Id.* at 7. Plaintiffs appealed the denial to the Defense Health Agency's Military Malpractice Claim Appeals Board, which affirmed the denial based on untimeliness. *Id.* at 8. Martinez's estate then brought this suit under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. *See generally* Compl.

## III. LEGAL STANDARD

This Court must dismiss a complaint if the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). To survive a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of demonstrating the Court's subject-matter jurisdiction over the claim at issue. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).

Under Federal Rule of Civil Procedure 12(b)(6), the Court will dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "When a defendant files a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court must first examine the Rule 12(b)(1) challenge," and only if it has jurisdiction does the Court assess whether the Plaintiff has stated a claim. *Auld v. United States*, No. CV 22-3129, 2023 WL 6141666, at *2 (D.D.C. Sep. 20, 2023).

When assessing a motion to dismiss, the Court accepts as true the well-pleaded factual allegations in the complaint and grants the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quotation marks and citation omitted).

## IV. ANALYSIS

The Government asserts two bases for dismissal. Mot. to Dismiss at 1. First, the Government asserts that 10 U.S.C. § 2735 bars judicial review of Plaintiffs' claim. Mem. in Support at 8. Second, the Government argues that Plaintiffs' claim was filed with DoD more than two years after it accrued and was therefore barred by the statute of limitations in 10 U.S.C. § 2733a. *Id.* at 6. The Court addresses each of the Government's arguments in turn.

### A. Judicial Review Bar

The Court begins by addressing whether the judicial review bar in 10 U.S.C. § 2735 deprives the Court of jurisdiction to review the Secretary's denial of Plaintiffs' claim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (holding that federal "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists"). The Government contends that 10 U.S.C. § 2735—which states that the "the settlement of a claim under section . . . 2733a . . . of this title is final and conclusive"—denies the Court jurisdiction to review the Secretary's decision. Mem. in Support at 8. The Department of Defense denied Martinez's claim, Compl. at 7, and the D.C. Circuit has explained that the denial of a claim is a "'settlement' within the meaning of § 2735" and normally bars judicial review. *Broadnax v. U.S. Army*, 710 F.2d 865, 867 (D.C. Cir. 1983).

Be that as it may, the Court must determine whether 10 U.S.C. § 2735 bars *all* challenges to the Secretary's determination or whether certain types of challenges remain subject to judicial review. As a general matter, there exists a "'well-settled' and 'strong presumption' in favor of judicial review." *Make The Rd. New York v. Wolf*, 962 F.3d 612, 624 (D.C. Cir. 2020) (quoting *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020)). That presumption "is so embedded in the law that it applies even when determining the scope of statutory provisions specifically designed to limit judicial review." *Id.* Pursuant to that presumption, "when a statutory provision is reasonably susceptible to divergent interpretation, we adopt the reading that accords with traditional understandings and basic principles: that executive determinations generally are subject to judicial review." *Id.* (cleaned up). For that reason, courts have often held that even when an agency's decision is the "exclusive remedy" and otherwise "not subject to judicial review," "federal courts retain jurisdiction to review charges that the Secretary *violated a clear*

*statutory mandate* or prohibition, and to consider constitutional claims." *Woodruff v. U.S. Dep't of Lab., Off. of Workers Comp. Program*, 954 F.2d 634, 639 (11th Cir. 1992) (emphasis added); *Schneider v. United States*, 27 F.3d 1327, 1332 (8th Cir. 1994) (collecting cases); *see also SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1359 (2018) (holding that Court could review U.S. Patent and Trademark Office decision, even when statute precluded review, because agency engaged in "'shenanigans' by exceeding its statutory bounds" ); *Gete v. I.N.S.*, 121 F.3d 1285, 1291 (9th Cir. 1997) (holding that a colorable "challenge to an *agency's procedures* on constitutional grounds may properly be brought in federal court" even where an agency action may be otherwise unreviewable (emphasis added)); *Broadnax*, 710 F.2d at 867 (suggesting that courts may review decisions "where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination'" (citation omitted)); *De Jackson v. Marsh*, 1987 WL 16544, at *1 (D.D.C. Aug. 26, 1987) (recognizing possibility of judicial review where agency misconstrued governing legislation).

Accordingly, although § 2735 generally "precludes judicial review of the military's disallowance of a claim under the Act," the Court interprets the provision not to bar review of a "constitutional claim" or a violation of a "clear statutory mandate." *Schneider*, 27 F.3d at 1332; *Woodruff*, 954 F.2d at 639. Indeed, if the Court were unable to review constitutional claims challenging the Secretary's determination, it would "raise serious questions concerning the constitutionality of [§ 2735]." *Johnson v. Robison*, 415 U.S. 361, 366 (1974) (cleaned up); *Bartlett v. Bowen*, 816 F.2d 695, 699–700 & n.14–15 (D.C. Cir. 1987) (collecting cases "that cast[] doubt on the constitutionality of congressional preclusion of judicial review of constitutional claims"). It is a "cardinal principle" that courts "first ascertain whether a

construction of the statute is fairly possible by which the constitutional questions may be avoided." *Johnson*, 415 U.S. at 367 (cleaned up). By interpreting 10 U.S.C. § 2735 not to bar constitutional claims, the Court avoids such a constitutional question. Section 2735 does not explicitly bar judicial review of constitutional challenges, and the Court may, therefore, review a constitutional challenge to the Secretary's "settlement." *See Ralls Corp. v. Comm. On Foreign Inv. in the U.S.*, 758 F.3d 296, 308 (D.C. Cir. 2014) ("The Supreme Court has long held that a statutory bar to judicial review precludes review of constitutional claims only if there is 'clear and convincing' evidence that Congress so intended.").

In this case, Plaintiffs assert that the Secretary violated their due process rights, as well as a clear statutory mandate, by misconstruing 50 U.S.C. § 3936 not to apply to their claim. Compl. at 8; Opp. at 9, 13. Specifically, although unartfully stated, Plaintiffs assert that the Secretary's denial of their claim violated the due process clause by failing to provide the benefit of a congressionally enacted procedural protection for servicemembers: the tolling statute. Compl. at 8. An agency may violate due process rights by departing from its own regulation—or a federal statute—that provides parties before the agency with procedural protections. *See Lopez v. Fed. Aviation Admin.*, 318 F.3d 242, 247 (D.C. Cir. 2003) (holding that court had jurisdiction to ensure agency scrupulously followed its own procedural rules that were put in place to protect parties before the agency); *C.f. United States v. Caceres*, 440 U.S. 741, 749 (1979) (stating that a "court's duty to enforce an agency regulation is most evident when compliance with the regulation is mandated by the Constitution or federal law").

Here, Plaintiffs contend that the Secretary's own regulations, as well as a federal statute, provided procedural protections—namely the tolling provision in § 3936—from which the Secretary departed. If Plaintiffs are correct regarding the tolling statute, the Government

plausibly violated Plaintiffs' procedural due process rights. *C.f. TwoRivers v. Lewis*, 174 F.3d 987, 994–95 (9th Cir. 1999) (stating that "tolling statutes[] are generally considered procedural" and that applying tolling incorrectly can result in "manifest injustice"); *Douglas by Douglas v. Hugh A. Stallings, M.D., Inc.*, 870 F.2d 1242, 1249–1250 (7th Cir. 1989) (implying that a "tolling statute" is a "procedural rule" that provides a due process "protection" "while it exists"). Because Plaintiffs allege a violation of due process—a constitutional claim—and allege a violation of a clear statutory mandate, the Court may address whether, as a matter of law, the Secretary correctly denied their claim as untimely filed because he failed to apply the applicable servicemember tolling statute.

**B. Statute of Limitations and Tolling Period**

The Government additionally argues that Plaintiffs fail to state a claim. Mem. in Support at 1. Specifically, the Government contends that Martinez initially filed her claim with the agency more than two years after it accrued, meaning that the claim was untimely filed. *Id.* at 6. The Court disagrees.

The Claims Act states that a malpractice claim against the military "may be allowed, settled, and paid under subsection (a) only if . . . the claim is presented to the Department in writing within two years after the claim accrues." 10 U.S.C. § 2733a. But the Claims Act does not define when a "claim accrues." The parties, unsurprisingly, disagree over the application of 10 U.S.C. § 2733a to Plaintiffs' case. Relying on DoD Regulations—which state that "a claim accrues as of the latter of: (i) [t]he date of the act or omission by a DoD health care provider that is the basis of the malpractice claim; or (ii) [t]he date on which the claimant knew, or with the exercise of reasonable diligence should have known, of the injury and that malpractice was its possible cause," 32 C.F.R. § 45.2(c)(3)—the Government contends that Martinez failed to file

her claim within the two-year time limit because her claim accrued when she was "notified of the breast cancer diagnosis,"25 months before she filed her claim. Mem. in Support at 4, 6. The Secretary does not apply any tolling to account for Martinez's military service period.

By contrast, Plaintiffs contend that Martinez timely filed her claim. Specifically, Plaintiffs contend that 50 U.S.C. § 3936 tolled Martinez's claim while she was serving in the military. Section 3936 provides that "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any . . . department . . . by . . . the servicemember or the servicemember's heirs, executors, administrators, or assigns." 50 U.S.C. § 3936. Because Martinez was serving in the military during the period between her breast cancer diagnosis and filing her claim, Plaintiffs contend that period should not have been "included in computing" the two-year statute of limitations. Opp. at 5–6. Under Plaintiffs' interpretation, Martinez's claim was filed well within the statute of limitations.

The Government rests its timing arguments on canons of statutory construction. *See* Mem. in Support at 6; Reply at 2. In response to Plaintiffs' contention that 50 U.S.C. § 3936's tolling provision tolls the statute of limitations in 10 U.S.C. § 2733a, the Government makes two primary arguments. First, the Government contends that §2773a's statute of limitations and § 3936's tolling provision are in conflict, and that—under the canon of construction advising that more specific statutes should be applied over more general statutes—§ 2773a's statute of limitations should be applied rather than the tolling provision of § 3936. Mem. in Support at 6; Reply at 2. Second, the Government contends that applying the tolling provisions of § 3936 would render the statute of limitations in § 2773a superfluous or without effect. Mem. in Support at 6–7; Reply at 2.

The Government, however, misconceives the interaction between 10 U.S.C. § 2773a and 50 U.S.C. § 3936. The application of § 2773a can be informed by § 3936 without conflict. The specific-controls-general canon of construction "appl[ies] only in the face of irreconcilably conflicting statutes," *English v. Trump*, 279 F. Supp. 3d 307, 325 (D.D.C. 2018) (quotation marks and citation omitted), and § 3936 and § 2773a are not "irreconcilable." "[U]nder the *in pari materia* canon, statutes addressing the same subject matter generally should be read 'as if they were one law.'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006). And "when two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Howard v. Pritzker*, 775 F.3d 430, 437 (D.C. Cir. 2015) (quoting *J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 143–44 (2001)). Here, there is a means—consistent with the ordinary meaning of both statutes—to "regard each as effective." *Id.*

As an initial matter, the Court observes that the ordinary meaning of 50 U.S.C. § 3936 applies to Martinez's claim because Martinez filed her claim during the "period of [her] military service," which, under the statute "may not be included in computing *any* period limited by law[] [or] regulation . . . in *any* . . . department." 50 U.S.C. § 3936 (emphasis added). By its plain terms, the statute applies to "any" limitation period before "any" department. The repeated word "any" "[r]ead naturally . . . has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (quoting *Webster's Third New International Dictionary* 97 (1976)); *see also Detweiler v. Pena*, 38 F.3d 591, 593 (D.C. Cir. 1994) ("The command of [§ 3936] is unexceptionable. It tolls 'any' limitations period 'now or hereafter' appearing in 'any' law for the bringing of 'any' action before 'any' court, board or

bureau."). The limitations period in § 2773a is clearly a "period limited by law" and Martinez was in a "period" of her military service.

Title 10 U.S.C. § 2773a can also apply to Martinez's claim—without conflicting with 50 U.S.C. § 3936. As explained above, one of the conditions of § 2773a is that a claim must be "presented to the Department in writing within two years after the claim accrues." § 2773a(b)(4). When interpreting statutes, the Court operates under the assumption that Congress is aware of other relevant statutes on the same subject matter. *See FAIC Sec., Inc. v. United States*, 768 F.2d 352, 363 (D.C. Cir. 1985). Here, the Court can infer that, when enacting § 2773a, Congress understood that § 3936 would modify the application of § 2733a by pausing the two-year time limit in some instances—*i.e.*, when the servicemember was serving in the military. Accordingly, the two statutes can be interpreted in harmony as follows: a claimant must file his or her claim in writing within two years of the claim accruing, but if the time to file a claim would otherwise begin to run while the claimant is serving in the military, the claim is tolled until the servicemember is released.

This interpretation does not render the statute of limitations superfluous or ineffective because the limitations period in § 2773a can apply consistent with § 3936. For instance, a servicemember may learn that they were the victim of medical malpractice after they have been released from service. In that instance, the former servicemember's claim would accrue immediately upon its discovery and § 2773a's two-year statute of limitations would apply in the normal manner. Alternatively, it seems it would not be uncommon for a serious case of medical malpractice, though short of death, to result in a servicemember's medical discharge from service, thus starting the running of the limitations period. Additionally, even if a servicemember learns of a claim while serving in the military, that servicemember's claim will

accrue as usual but the time limit of the statute will not begin to run until the servicemember's release from the military.

Indeed, the D.C. Circuit has explained, that "[t]he tolling of a statute of limitations, under certain circumstances, does not fatally impugn its effectiveness; it merely alters the date on which the statutory period begins to run or comes to an end." *Detweiler v. Pena*, 38 F.3d 591, 594 (D.C. Cir. 1994). The tolling provision in § 3936 may be read to merely add detail describing when the two-year time limitation begins to run under §2773a. Accordingly, the Court reads the two statutes *in pari materia* and holds that § 3936 tolled Martinez's claim during her service.

The Government's position that § 3936 should not apply to claims brought pursuant to § 2733a is also contrary to the canon against implied repeals. Under the Government's interpretation, § 2773a would partially repeal § 3936. Essentially, if the Government's interpretation were to prevail, § 3936 would no longer apply to certain factual scenarios and claims—such as Martinez's medical malpractice claim. "'[R]epeals by implication are not favored' and will not be presumed unless the 'intention of the legislature to repeal [is] clear and manifest.'" *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 662 (2007) (quoting *Watt v. Alaska*, 451 U.S. 259, 267 (1981)). Courts find there to be a repeal by implication only when the later statute "expressly contradict[s] the original act" or such an inference "is absolutely necessary . . . in order that [the] words [of the later statute] shall have any meaning at all." *Id.* (quoting *Traynor v. Turnage*, 485 U.S. 535, 548 (1988)). "An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter Act covers the whole subject of the earlier one and is clearly intended as a substitute." *Branch v. Smith*, 538 U.S. 254, 273 (2003) (internal quotation marks omitted). As explained above, the

two statutes are not irreconcilable; nor does § 2773a "cover[] the whole subject" matter of § 3936. Accordingly, the Court does not adopt an interpretation that would impliedly partially repeal § 3936 with respect to military malpractice claims.[1]

In summary, applying relevant canons of construction the Court concludes that the tolling provision in 50 U.S.C. § 3936 applies to military medical malpractice claims brought under § 10 U.S.C. § 2773a. Accordingly, the Court holds that Plaintiffs have plausibly stated a claim for relief. *See Iqbal*, 556 U.S. at 678.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Government's Motion to Dismiss. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: October 31, 2023

RUDOLPH CONTRERAS
United States District Judge

[1] DoD's regulations do not alter the Court's analysis. 32 C.F.R. § 45.2(c)(2) is the only section within DoD's medical malpractice regulations that purports to limit the application of 50 U.S.C. § 3936 tolling but Defendant has conceded that "32 C.F.R. § 45.2(c)(2) is not relevant to this case." Reply at 4. Section 45.2(c)(2) applies only to "claims filed during calendar year 2020" and Plaintiffs' claim was filed in November of 2021. Furthermore, the fact that only subpart (c)(2) purports to limit the application of tolling implies that tolling applies to claims brought under other parts of 32 C.F.R. § 45.2. *See Res. Mgmt. Concepts, Inc. v. U.S. Small Bus. Admin.*, No. 1:20-CV-3416, 2022 WL 971311, at *4 (D.D.C. Mar. 31, 2022) (under "scope-of-subparts canon . . . material within an indented subpart relates only to that subpart"). Moreover, DoD's attempt to limit the application of tolling by regulation is also likely invalid because "[a]n agency cannot issue regulations and directives which are inconsistent with an act of Congress." *Younger v. Turnage*, 677 F. Supp. 16, 22 (D.D.C. 1988); *see also Envtl. Def. Fund v. EPA*, 922 F.3d 446, 457 (D.C. Cir. 2019) ("A regulation can never trump the plain meaning of a statute" (cleaned up)). Accordingly, DoD's regulations do not limit the application of 50 U.S.C. § 3936's tolling provision.